FILED
2017 Nov-09 PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT OF FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY F. HERCHENHAHN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION, ) <br> as Indenture Trustee on behalf of and with ) <br> respect to AJAX MORTGAGE LOAN ) <br> TRUST 2015B, Mortgage Backed Notes, ) <br> Series 2015B, a Corporation; GREGORY ) <br> FUNDING, LLC, a Corporation; ) <br> RCO LEGAL, P.S., et al., ) <br> ) <br> Defendants. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

COMES NOW the Defendant, RCO LEGAL, P.S. (herein "RCO Legal" or "Defendant"), and hereby removes the state court action entitled *Tony F. Herchenhahn v. U.S. Bank National Association, et al.*, CV-2017-900296, filed in the Circuit Court of Morgan County, Alabama.

Removal is premised upon federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1441 and 1446. Federal question jurisdiction is based upon alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605. This case is rightly before this Court because Plaintiff's claims arise under and are

1

based upon federal law.

## I. PROCEDURAL BACKGROUND AND COMPLIANCE

1. Plaintiff commenced this action on June 29, 2017 by filing his Complaint in the Circuit Court of Morgan County, CV-2017-900296. On October 4, 2017, Plaintiff filed an Amended Complaint, adding RCO Legal, P.S. as a defendant.

2. Defendant RCO Legal was served with the Amended Complaint and summons via certified mail on October 11, 2017. Thus, this Notice of Removal is being timely filed within thirty days of service, as required by 28 U.S.C. §1446(b). Pursuant to §1446(a), copies of all process, pleadings, orders, and other papers on file with the state court are attached hereto as "**Exhibit A, Exhibit B and Exhibit C.**"

3. Contemporaneous with the filing of this Notice of Removal, the undersigned has served a Notice of Filing of Notice of Removal on all parties as required by §1446(d). A copy of that Notice (without exhibits) is attached as "**Exhibit D.**" The original Notice (Exhibit B), with exhibits, is being filed with the Clerk of the Circuit Court of Morgan County, Alabama, as required by §1446(d).

## II. GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. §1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, "[a]ny civil action of which the district courts have original

jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b).

5. Plaintiff's Amended Complaint explicitly alleges that the Defendants "violated the entirety of the FDCPA including, but not limited to, Sections 1692d, 1692e, 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692f(6). . ." (Exhibit A, Doc. 25, Counts II and VII). The FDCPA provides that "[a]n action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy…" §1692k(d).

6. Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. See, e.g., Boone v. JP Morgan Chase Bank, N.A., 447 Fed. Appx. 961 (11th Cir. 2011) (affirming removal to federal court of complaint alleging violation of the Fair Debt Collection Practices Act and other federal statutes); Athon v. Direct Merchs. Bank, 251 Fed. Appx. 602 (11th Cir. 2007) (same); Stewart v. Bureaus Inv. Group #1, 2011 WL 2313213 (M.D. Ala. June 10, 2011) (complaint alleging violation of Fair Debt Collection Practices Act removed to federal court); Farkas v. Suntrust Mortg., Inc., 2010 WL 5525359 (S.D. Ala. Dec. 15, 2010) (removal of complaint to federal court proper because "Plaintiffs claim under the Fair Debt Collection Practices Act brings this action within the jurisdiction of this Court."); Lockard v. Equifax, Inc., 163 F. 3d 1259, 1263 (11th Cir. 1999).

7.      Plaintiff has also alleged a distinct claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, et seq., (Exhibit A, Doc. 25, Count I). Accordingly, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331. See 12 U.S.C. § 2614(d) (providing that an action under the RESPA may be brought in the United States district court for the district in which the property involved is located).

8. Plaintiff also alleges state law claims for negligence, wantonness, breach of contract, wrongful foreclosure, negligent/wanton hiring, training and supervision, invasion of privacy, and slander of title. (Exhibit A, Doc. 25, Counts III, IV, V, VI, VIII and IX).

9. Plaintiff's state law claims are properly removable under §1441(c)(1), which provides: "If a civil action includes - (A) a claim arising under the Constitution, laws or treatises of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." §1441(c); See In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996).

10. Plaintiff's state law claims are inextricably intertwined with, and form

part of the same case or controversy as, the federal claims. As such, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a); City of Chicago v. International Coll. of Surgeons, 522 U.S. 156, 165 (1997) (district court may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law); Hudson v. Delta Air Lines, Inc., 90 F. 3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").

11. Because Plaintiff's FDCPA, RESPA, and state law claims are all based upon and arise out of the same nucleus of operative facts, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

### III. CONCLUSION

11. All of the prerequisites for removal are met. This is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. §1331, as Plaintiff's alleged FDCPA and RESPA claims arise "under the Constitution, laws, or treatises of the United States." 28 U.S.C. §1441(c)(1)(A); see 15 U.S.C. §1692k(d) and 12 U.S.C. §2614(d).

WHEREFORE, RCO Legal, P.S. respectfully requests that this Court will consider this Notice of Removal, as provided by law governing the removal of cases

to this Court, and that this Court will make the proper orders to achieve the removal of this cause from the Circuit Court of Morgan County Alabama, to this Court.

Respectfully submitted this the **10th** day of **November, 2017**.

/s/ *Bob Girardeau*
Robert M. Girardeau (ASB-2997-D42R)
Stewart W. McCloud (ASB-9656-A50M)
Attorneys for Defendant,
RCO LEGAL, P.S.


OF COUNSEL:
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193
BGirardeau@huielaw.com
SMccloud@huielaw.com

## CERTIFICATE OF SERVICE

I certify that on **9th** day of **November, 2017**, a true, correct and complete copy of the foregoing **Notice of Removal** has been served on the parties listed below, by U.S. Mail:

John G. Watts, Esq.
M. Stan Herring, Esq.
WATTS & HERRING, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
john@wattsherring.com
stan@wattsherring.com
Attorneys for Plaintiff

Keith Andress
Jade E. Sipes
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 20th Street North
1400 Wells Fargo Tower
Birmingham, AL 35203
kandress@bakerdonelson.com
jsipes@bakerdonelson.com
Attorneys for Defendants
Gregory Funding, LLC, and
U.S. Bank National Association,
as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015B, Mortgage Backed Notes, Series 2015B

/s/ *Bob Girardeau*
OF COUNSEL