FILED

2017 Nov-13  AM 10:56
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| TONY F. HERCHENHAHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. <u>5:17-cv-01889-HNJ</u> |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| as Indenture Trustee on behalf of and with | ) |
| respect to AJAX MORTGAGE LOAN | ) |
| TRUST 2015B, Mortgage Backed Notes, | ) |
| Series 2015B, a Corporation; GREGORY | ) |
| FUNDING, LLC, a Corporation; | ) |
| RCO LEGAL, P.S., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>DEFENDANT RCO LEGAL, P.S.' ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT</u>**

COMES NOW the Defendant, COMES NOW the Defendant, RCO LEGAL, P.S. (herein "RCO Legal" or "Defendant"), and for Answer to the Plaintiff's Amended Complaint, provides the following Affirmative Defenses and Statements:

**<u>FIRST DEFENSE</u>**

The Amended Complaint of the Plaintiff and each count thereof fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

This Defendant was not guilty of any negligence and/or wantonness.

## THIRD DEFENSE

Defendant pleads the general issue.

## FOURTH DEFENSE

Defendant denies the matters and things alleged in Plaintiff's Amended Complaint and demands strict proof thereof.

## FIFTH DEFENSE

There is no causal relation to the claims being made by the Plaintiff in this matter and the conduct or actions of this Defendant.

## SIXTH DEFENSE

Defendant denies that any alleged acts or omissions on the part of this Defendant proximately caused Plaintiff's alleged damages and/or injuries.

## SEVENTH DEFENSE

Defendant denies that the Plaintiff was injured or damaged to the extent alleged in the Complaint and demands strict proof thereof.

## EIGHTH DEFENSE

Defendant states that any violation of the law or damage suffer by Plaintiff, which Defendant expressly denies, was not intentional and resulted from a bona

fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## NINTH DEFENSE

Defendant hereby incorporates and asserts all affirmative defenses set out in the Federal Rules of Civil Procedure.

## TENTH DEFENSE

Defendant affirmatively pleads the doctrine of sudden emergency.

## ELEVENTH DEFENSE

Defendant asserts the defenses of release, payment and setoff.

## TWELFTH DEFENSE

To the extent Plaintiff seeks to hold this Defendant jointly liable with other defendants for wantonness or other misconduct and to recover punitive damages for such wantonness or other misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it permits jury imposition of punitive damages, purportedly based on the character and degree of the wrong committed, without in fact assigning to this Defendant a proportionate responsibility for this Defendant's alleged contribution to the wrong committed.

## THIRTEENTH DEFENSE

Defendant states that Plaintiff has failed to mitigate his damages, if any, and therefore, any damages should be reduced in direct proportion thereof.

## FOURTEENTH DEFENSE

Defendant states that granting of Plaintiff's demand in the Complaint would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

## FIFTEENTH DEFENSE

Defendant hereby incorporates and asserts all affirmative defenses set out in the Fair Debt Collection Practices Act.

## SIXTEENTH DEFENSE

Defendant hereby incorporates and asserts all affirmative defenses set out in the Real Estate Settlement Procedures Act.

## SEVENTEENTH DEFENSE

As concerns all punitive damages, this Defendant specifically avers that said claims for punitive damages and the requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States of America and the Constitution of the State of Alabama.  Further, such claims for punitive damages and the requisite burden of proof amount to an

unlawful taking of property without due process of law and are in violation of the "Excessive Fines" Clause of the Constitution of the United States of America. Further, said claims and requisite burden of proof violate the Commerce Clause of the Constitution of the United States of America.

## EIGHTEENTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages.  Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a

Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTIETH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTY-FIRST DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases.  Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TWENTY-SECOND DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of America and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by *State Farm Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (April 7, 2003).

## TWENTY-THIRD DEFENSE

Unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing

evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States

Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-SIXTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

## TWENTY-SEVENTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias

and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

## TWENTY-EIGHTH DEFENSE

The claims of the Plaintiffs for punitive damages and the requisite burden of proof under Alabama substantive law violate this Defendant's right to equal protection and due process under both the Constitution of the United States of America and the Constitution of the State of Alabama due to the Alabama Doctrine of "Joint and Several Liability".  Further, said claims for punitive damages and the requisite burden of proof under Alabama substantive law violate the specific dictates for the application of punitive damages as directed by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 1996 W.L. 262429 (U.S. 1996).

## TWENTY-NINTH DEFENSE

Insofar as the punitive damages awards sought by Plaintiffs seek to impose punitive damages under Alabama law for conduct in other states, the award violates:

(a)   This Defendant's rights to due process and due course of law under the Fourteenth Amendment to the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

(b)   The dormant or negative commerce clause derived from Article I, Section 8, Clause 3, of the United States Constitution;

(c)   The full faith and credit clause of Article IV, Section 1, of the United States Constitution;

(d)   The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(e)   The prohibition against excessive fines in the United States Constitution.

## **THIRTIETH DEFENSE**

The standards of conduct upon which punitive damages are sought against this Defendant are vague and ambiguous.

## **THIRTY-FIRST DEFENSE**

The procedures used by courts under Alabama law and the guidelines given to the jurors, jointly and separately, are vague and ambiguous, and, thus, impermissibly allow jurors broad, unlimited and undefined power to make determinations based on their notions of what the law should be instead of what it is.

## THIRTY-SECOND DEFENSE

The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous, and thus, fail to eliminate the effects of, and to guard against, impermissible jury passion.

## THIRTY-THIRD DEFENSE

Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages, and if so, on the amount to be awarded.

## THIRTY-FOURTH DEFENSE

Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

## THIRTY-FIFTH DEFENSE

Present Alabama law does not provide for adequate and independent review of by the trial court and the appellate court of the imposition of punitive damages by a jury or the amount of any punitive damages awarded by a jury.

### THIRTY-SIXTH DEFENSE

Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against defendants.

### THIRTY-SEVENTH DEFENSE

An award of punitive damages would compensate Plaintiffs for elements of damage not otherwise recognized by Alabama law.

### THIRTY-EIGHTH DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### THIRTY-NINTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages.  Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects the Defendant to arbitrariness and inadequate notice.   "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States,

it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007)(citations omitted).

## FORTIETH DEFENSE

To permit the imposition of punitive damages against the Defendant on a joint and several liability basis would deprive each defendant of his rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 6, 13 and 22 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than the defendants or the defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of the defendants, if any.

## FORTY-FIRST DEFENSE

Defendant reserves the right to assert additional defenses as such defenses become known.

## FORTY-SECOND DEFENSE

Defendant hereby adopts, incorporates and asserts any and all affirmative defenses raised by any co-defendant in this litigation.

———————————————

Having answered the Plaintiff's Amended Complaint with Affirmative Defenses and Statements, Defendant RCO Legal, P.S. answers the specific numbered paragraphs of Plaintiff's Amended Complaint as follows:

## JURISDICTION AND VENUE

1.     RCO Legal admits that Plaintiff has brought this action seeking recovery under the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"), but denies that this Defendant has violated either Act. RCO Legal denies the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint and denies strict proof thereof.

2.     RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

3.     RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

## PARTIES

4.      RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

5.      RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

6.      RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

7.      RCO Legal admits that it is a foreign corporation doing business in Morgan County, Alabama. RCO denies the remaining allegations in ¶ 7 and demands strict proof thereof.

8.      This paragraph contains conclusory, unintelligible statements, to which no response is required. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

9.      Denied.

10.     RCO Legal denies the allegations in ¶ 10 and demands strict proof thereof.

11.     The allegations in ¶ 11 appear to be directed at parties other than this Defendant, and thus, no response is required. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

## FACTS

12.     The allegations in this paragraph call for a legal conclusion, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

13.     The allegations in this paragraph call for a legal conclusion, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

14.     The allegations in this paragraph call for a legal conclusion, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

15.     Denied.

16.     Denied.

17.     Denied.

18.     RCO Legal denies that it acted unlawfully, maliciously or otherwise breached any duty owed to the Plaintiff. The remaining allegations in this paragraph call for a legal conclusion, to which no response is required from this

Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

19. The allegations in this paragraph call for a legal conclusion, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

20. Denied.

21. This paragraph contains opposing counsel's conclusory, unsupported opinions, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

22. The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

23. RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

24. RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

25.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

26.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

27.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

28.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

29.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

30.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

31.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the

extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

32.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

33.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

34.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

35.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

36.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the

extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

37.    Denied.

38.    This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

39.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

40.    This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

41.    This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

42.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies the allegations and demands strict proof thereof.

43.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

44.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

45.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

46.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

47.    RCO Legal denies that it acted unlawfully, maliciously or otherwise breached any duty owed to the Plaintiff. The remaining allegations in this paragraph call for a legal conclusion, to which no response is required from this

Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

48.     RCO Legal denies that it acted unlawfully, maliciously or otherwise breached any duty owed to the Plaintiff. The remaining allegations in this paragraph call for a legal conclusion, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

49.     RCO Legal denies that it acted unlawfully, maliciously or otherwise breached any duty owed to the Plaintiff. RCO Legal further denies that Plaintiff was injured or sustained any damage as the proximate result of any act or omission of this Defendant. RCO denies this allegations in this paragraph and demands strict proof thereof.

50.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

51.     RCO Legal denies that it acted unlawfully, maliciously or otherwise breached any duty owed to the Plaintiff. RCO denies this allegations in this paragraph and demands strict proof thereof.

52.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the

allegations in this paragraph and denied that Plaintiff is entitled to the relief sought by Plaintiff.

53.    This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

54.    This paragraph contains opposing counsel's conclusory, unsupported opinions, to which no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

55.    RCO Legal lacks sufficient information to admit or deny the allegations in this paragraph, and therefore, denies the allegations and demands strict proof thereof.

## COUNT I
## VIOLATIONS OF RESPA BY DEFENDANTS US BANK & GREGORY FUNDING

56.    RCO Legal incorporates its responses to Paragraphs 1-55 above as if set forth fully herein.

57.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

58.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

59.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

60.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

61.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

62.    The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

63.     The allegations in this paragraph appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

## COUNT II
## VIOLATIONS OF THE FDCPA BY ALL DEFENDANTS

64.     RCO Legal incorporates its responses to Paragraphs 1-63 above as if set forth fully herein.

65.     Denied.

66.     Denied.

## COUNT III
## BREACH OF CONTRACT BY ALL DEFENDANTS

67.     RCO Legal incorporates its responses to Paragraphs 1-66 above as if set forth fully herein.

68.     RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

69.     RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

70.     RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

71.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

72.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

73.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

74.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

75.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

76.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof.

77.    RCO legal denies that it had any contract with the Plaintiff and demands strict proof thereof. RCO Legal denies that it has breach any duty owed to Plaintiff and denies that Plaintiff has suffered any injury and/or damage as the proximately result of any act or omission of this Defendant.

## COUNT IV
## DECLARATION THAT FORECLOSURE IS TO BE HELD VOID

78.    RCO Legal incorporates its responses to Paragraphs 1-77 above as if set forth fully herein.

79.    The allegations in this paragraph call for legal conclusions and appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

80.    The allegations in this paragraph call for legal conclusions and appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

81.    The allegations in this paragraph call for legal conclusions and appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

82.    The allegations in this paragraph call for legal conclusions and appear to be directed at parties other than RCO Legal, and thus, no response is required from this Defendant. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof. RCO Legal denies that Plaintiff is entitled to the relief sought in this Paragraph.

## COUNT V
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS BY ALL DEFENDANTS

83.     RCO Legal incorporates its responses to Paragraphs 1-82 above as if set forth fully herein.

84.     RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

85.     RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

86.     RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

## COUNT VI
## NEGLIGENT AND/OR WANTON CONDUCT BY ALL DEFENDANTS

87.     RCO Legal incorporates its responses to Paragraphs 1-86 above as if set forth fully herein.

88.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

89.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

90.     RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

91.     This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

## COUNT VII
## INVASION OF PRIVACY BY ALL DEFENDANTS

92.     RCO Legal incorporates its responses to Paragraphs 1-86 above as if set forth fully herein.

93.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

94.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

95.     This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof

96.     This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

97.     This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

98.     This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

99.     This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

100.   This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

101.   This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof.

102.   RCO Legal denies that it breached any duty owed to the Plaintiff and denies that it is liable to Plaintiff for any alleged damages. RCO Legal expressly denies that Plaintiff is entitled to any damages, actual or otherwise.

103.   This paragraph calls for a legal conclusion, in which no response is required. RCO Legal denies that it breached any duty owed to the Plaintiff and

demands strict proof thereof. RCO Legal expressly denies that Plaintiff is entitled to any damages, actual or otherwise.

## COUNT VIII
## WRONGFUL FORECLOSURE BY ALL DEFENDANTS

104.   RCO Legal incorporates its responses to Paragraphs 1-103 above as if set forth fully herein.

105.   This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof. RCO Legal states further that Alabama law does not recognize a cognizable cause of action for "wrongful or negligent foreclosure."

106.   This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof. RCO Legal states further that Alabama law does not recognize a cognizable cause of action for "wrongful or negligent foreclosure."

107.   This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof. RCO Legal states further that Alabama law does not recognize a cognizable cause of action for "wrongful or negligent foreclosure."

108.   This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof. RCO Legal states further that Alabama law does not recognize a cognizable cause of action for "wrongful or negligent foreclosure."

109.   This paragraph contains Plaintiff's attorney's conclusory, unintelligible statements, to which no response is required. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

110.   This paragraph contains Plaintiff's attorney's nonsensical, conclusory, unintelligible statements, to which no response is required. To the extent a response is required, RCO Legal denies the allegations and demands strict proof thereof.

111.   RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof. RCO Legal expressly denies that Plaintiff is entitled to any damages, actual or otherwise.

## COUNT IX
## SLANDER OF TITLE BY ALL DEFENDANTS

112.   RCO Legal incorporates its responses to Paragraphs 1-111 above as if set forth fully herein.

113.   This paragraph calls for a legal conclusion, in which no response is required. To the extent that a response is required, RCO Legal denies the allegations in this paragraph and demands strict proof thereof.

114.   RCO Legal denies that it breached any duty owed to the Plaintiff and demands strict proof thereof. RCO Legal expressly denies that Plaintiff is entitled to any damages, actual or otherwise.

**RELIEF REQUESTED**

RCO Legal denies that the Plaintiff is entitled to any relief or monetary recovery from this Defendant and demands strict proof thereof.

Done this 10th day of November, 2017,

/s/ Bob Girardeau
Robert M. Girardeau (ASB-2997-D42R)
Stewart W. McCloud (ASB-9656-A50M)
Attorneys for Defendant,
RCO LEGAL, P.S.

OF COUNSEL:
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193
BGirardeau@huielaw.com
SMccloud@huielaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **10th** day of **November**, **2017**, a true, correct and complete copy of the foregoing Answer has been served on the parties listed below, by U.S. Mail:

John G. Watts, Esq.
M. Stan Herring, Esq.
WATTS & HERRING, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
john@wattsherring.com
stan@wattsherring.com
Attorneys for Plaintiff

Keith Andress
Jade E. Sipes
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 20th Street North
1400 Wells Fargo Tower
Birmingham, AL 35203
kandress@bakerdonelson.com
jsipes@bakerdonelson.com
Attorneys for Defendants
Gregory Funding, LLC, and
U.S. Bank National Association,
as Indenture Trustee on behalf of and
with respect to Ajax Mortgage Loan
Trust 2015B, Mortgage Backed Notes,
Series 2015B

/s/ Bob Girardeau
OF COUNSEL